## Clara Birkel, Appellee, v. John R. Powers, Appellant.

### Gen. No. 6,428.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed August 7, 1917. Rehearing denied October 4, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Clara Birkel, plaintiff, against John R. Powers, defendant, for breach of promise of marriage. From a judgment for plaintiff for $10,000, defendant appeals.

CAMERON & CAMERON and ALBERT E. ISLEY, for appellant.

WEIL & BARTLEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. BREACH OF MARRIAGE PROMISE, § 20*—*when evidence shows promise of marriage.* Evidence *held* sufficient to warrant a finding that defendant promised to marry plaintiff, in an action to recover for breach of such promise.

2. BREACH OF MARRIAGE PROMISE, § 29*—*when verdict is not excessive.* A judgment for $10,000 *held* not excessive, in an action for breach of promise of marriage, where defendant owned $40,000 worth of property and plaintiff had lived with him many years and nursed him and personally attended him in serious illness.

3. BREACH OF MARRIAGE PROMISE, § 18*—*when evidence of payments by plaintiff for household expenses out of her own funds is admissible.* Testimony, in an action for breach of promise of marriage, of payments by plaintiff out of her own funds for household expenses while she and defendant were living together and of what defendant did not pay, *held* inadmissible under the common counts of the declaration as introduced but admissible upon withdrawal of such counts as tending to show and illustrate the relations of the parties.

4. EVIDENCE, § 160*—*what is not proof of attempt to effect a compromise.* A question on redirect examination of plaintiff's witness, after sharp cross-examination to show the witness was unfriendly to defendant, whether witness had gone to plaintiff at a certain time for the purpose of trying to get plaintiff in the interest of defendant to drop the suit, to which witness answered he had, *held* to be proper and not proof of an attempt by defendant to effect a compromise, as witness was not asked if he went by defendant's authority or what he said and he did not so testify.

5. APPEAL AND ERROR, § 1514*—*when statement of counsel not reversible error.* A statement by plaintiff's counsel to the jury that the evidence showed that defendant's conduct was monstrous, in an action for breach of promise of marriage, *held* not prejudicial error in view of the admitted facts in the case.

6. NEW TRIAL, § 102*—*when not granted on ground of newly-discovered evidence.* An affidavit of a witness' husband, with whom she was not living, tending to controvert her testimony as to a certain conversation, when she had testified he was present at a time when they were living together, *held* insufficient to warrant a new trial on the ground of newly-discovered evidence, in an action for breach of marriage promise, where, if such testimony by him were admitted, it would be largely outweighed by other testimony already in the case, and where the affidavits of others available in support of his affidavit were not procured.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.